IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

REGINALD BLEVINS, #300107,         :

    Plaintiff,                                    :

vs.                                                          :         CIVIL ACTION 18-0256-WS-N

ALABAMA STATE PRISON,               :

    Defendant.                                :

REPORT AND RECOMMENDATION

This § 1983 action, filed by an Alabama prisoner inmate proceeding *pro se*, was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).  Upon review of the Court's docket in this action, it is recommended that this action be dismissed without prejudice for plaintiff's failure to prosecute and to comply with the Court's order.

On June 6, 2018, plaintiff was ordered by July 6, 2018 to sign and file his complaint, which he had neglected to sign when he originally filed his complaint. (Docs. 1, 2, 3).  *See* FED.R.CIV.P. 11(a) (requiring that "[e]very pleading . . . and other paper . . . be signed . . . by a party personally if the party is unrepresented [and] [t]he court [to] strike an unsigned paper unless the omission is promptly corrected after being called to party's attention").  To date, the original complaint has not been signed and returned to Court.

When the original complaint was filed, the $400.00 filing/administrative fee was not paid, nor was a motion to proceed without prepayment of fees ("motion") filed.  Plaintiff, therefore, was ordered either to pay the fee or to file the motion by July 6, 2018.  (Doc. 2).  On June 13, 2018, plaintiff filed two completed pages from the four-page form motion and did not file a copy of his institutional printout as the form requires that he must do.  (Doc. 4).

In the June 6, 2018 order, plaintiff was warned that his failure to comply with the Court's order within the ordered time would result in this action's dismissal without prejudice for failure to prosecute and to obey the Court's order. (Doc. 4 at 1).  Plaintiff has not complied with the Court's order by signing and returning his complaint and by filing a properly completed motion, and as a consequence, he has failed to prosecute his action.[1]

Courts are vested with the inherent authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link v. Wabash R.R.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962).  The court's authority to dismiss an action *sua sponte* for lack of prosecution is considered an inherent power of the court.  *Id.* at 630, 82 S.Ct. at 1389.  A "court may dismiss a

---

[1] If plaintiff had complied with the Court's order, his action would be recommended for transfer to the United States District Court for the Northern District of Alabama where the complained of events have taken place.  (Doc.1 ).  The Court notes that the complaint contains no dates for the complained of incidents and that his allegations do not convey a coherent claim.

claim if the plaintiff fails to prosecute it or comply with a court order." *Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Servs., Inc.,* 556 F.3d 1232, 1240 (11th Cir. 2009) (citing FED.R.CIV.P. 41(b)); *see generally Weiland v. Palm Beach Cty. Sheriff's Office,* 792 F.3d 1313, 1320 (11th Cir. 2015) (discussing the different sources of authority for dismissals); *Betty K Agencies, Ltd. v. M/V MONADA,* 432 F.3d 1333, 1337 (11th Cir. 2005) (discussing dismissals pursuant to the court's inherent powers and Rule 41(b)).

Due to plaintiff's failure to comply with the Court's order and to prosecute this action, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice, as no other lesser sanction will suffice.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge

on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** and **ORDERED** this  22nd  day of August, 2018.

                              s/ Katherine P. Nelson
                              **UNITED STATES MAGISTRATE JUDGE**