# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **REGINAL BLEVINS, #300107,** | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION NO. 18-0256-TM-N |
| **ALABAMA STATE PRISON** | : | |
| Defendant. | : | |

## ORDER

On August 22, 2018, the magistrate judge entered a report and recommendation which recommends this action be dismissed without prejudice for failure to prosecute and failure to comply with the court's orders. *See* Doc. 5. Objections were due September 5, 2018. It does not appear that objections were filed. However, the Plaintiff has filed two separate pleadings which the Court will consider in conjunction with the report and recommendation. *See* Docs. 7-8.

Reviewing the file in this case including Plaintiff's most recent filings, Plaintiff still fails to remedy the deficiencies identified by the magistrate judge. Specifically, the magistrate judge previously ordered Plaintiff to properly sign and file his complaint and also ordered plaintiff to pay the filing fee or complete a motion to proceed without prepayment of fees. *See* Doc. 2. The magistrate judge further warned plaintiff that "failure to comply with this order within the prescribed time will result in a recommendation of dismissal without prejudice of this action for failure to prosecute and to obey the Court's orders." *Id*. Plaintiff did not comply and did not return a signed complaint. Nor did he complete the entirety of the motion to proceed without prepayment of fees. He completed the first two pages, but did not complete the remainder of the form or a

copy of his institutional printout as required. The only documents Plaintiff filed relate to a request for protective custody and removal from the William Donaldson correctional facility.

Even reviewing the most recent filings, none of them constitute a proper objection to the report and recommendation as they are not specific, fail to identify the finding or recommendation to which the objection is made, and do not state the basis for the objection. Regardless, the Court has considered the pleadings when reviewing the entire case file.

28 U.S.C. § 1654 permits a person to "plead and conduct their own cases personally or by counsel." Even so, *pro se* litigants are required to conform to the procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984, 124 L. Ed. 2d 21 (1993); *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002); *Vil v. Perimeter Mortgage Funding Corp.*, 715 F. App'x 912 (11th Cir. Oct. 31, 2017). Fed. R. Civ. P. 11(a) requires that a party's filings be signed by an attorney for the party OR by the party personally if proceeding *pro se*. Moreover, "the court must strike an unsigned paper unless the omission is promptly corrected after being called to…the party's attention." Fed. R. Civ. P. 11(a).

Fed. R. Civ. P. 41(b) authorizes dismissal of a complaint for failure to prosecute or failure to comply with a court order or the federal rules. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Further, such a dismissal may be done on motion of the defendant or *sua sponte* as an inherent power of the court. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Vil*, 715 F. App'x at 915 (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).

There have been no proper responses to the Court's orders and the Court adequately warned Plaintiff of the consequences of not responding. In light of Plaintiff's failure to comply with the

court orders, the Court concludes that Plaintiff failed to comply with submitting a properly signed complaint and the complete application for proceeding without prepayment of fees. "[E]ven a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). Therefore, the Court finds it appropriate to exercise its "inherent power" to "dismiss [Plaintiff's claims] *sua sponte* for lack of prosecution." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *see also Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (describing the judicial power to dismiss *sua sponte* for failure to comply with court orders).

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** and this action is hereby **DISMISSED without prejudice** for failure to prosecute and obey the Court's order. All remaining motions are **DENIED as moot**.

**DONE and ORDERED** this 5th day of October, 2018.

/s/ Terry F. Moorer
**TERRY F. MOORER**
**UNITED STATES DISTRICT JUDGE**